UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KIM J NERSTROM, as Independent Administrator of the Estate of DANIEL R. NERSTROM, Deceased, | ) ) ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | |
| | ) | |
| THE UNITED STATES OF AMERICA, And JAMES A. LOVELL FEDERAL HEALTH CARE CENTER, by and through its agents, | ) ) ) ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendants. | ) | |

**COMPLAINT**

AFFIDAVIT SUBMITTED PURSUANT TO 735 ILCS 5/2-622

JURISDICTIONAL ALLEGATIONS

1.      The jurisdiction for this case arises out of the Federal Tort Claims Act, 28 U.S.C. § 1331, as hereinafter more fully appears. Before this action was instituted, the claims set forth herein were represented to the office of the United States Department of Veterinary Affairs by way of written notice and claim on or about May 11, 2016.

2.      The plaintiff has filed the requisite notices and claims with the United States Department of Veteran's Affairs and the James A. Lovell Federal Health Care Center more than one-hundred eighty (180) days before the date of the filing of this complaint. Plaintiffs have exhausted their administrative remedies pursuant to 28 U.S.C. § 2675. The United States Department of Veteran's Affairs denied Plaintiff's claim on February 10, 2017.

1

3.      Plaintiff Kim J Nerstrom is the duly authorized Independent Administrator of the Estate of Daniel R Nerstrom, Deceased. (Letters of Office Attached as Ex. A.)

4.      The cause of action arose in the County of Lake, State of Illinois, making the Northern District of Illinois the proper venue.

5.      This Court holds jurisdiction pursuant to 28 U.S.C. § 1331, because the claims arise under the Federal Torts Claims Act ("FTCA"), 28 U.S.C. § 2671 et seq.

6.      The amount in controversy is over $75,000 and this Court otherwise has jurisdiction.

## COMMON ALLEGATIONS

1-6.      Plaintiff re-alleges and incorporates herein its allegations to paragraphs 1-6 as set forth above.

2.      The decedent DANIEL ROY NERSTROM enlisted in the US Army on Sept. 15, 2003, served his basic training at Fort Knox, KY and was a member of the 3rd ACR, Brave Rifles, 3rd Platoon, Killer Troop, 3rd Squadron at Fort Carson, CO.

3.      DANIEL ROY NERSTROM left for the Iraq war in Feb. 2005 committing to armed combat, and was deployed to Southern Baghdad.

4.      DANIEL ROY NERSTROM was medically retired on Feb. 5, 2013 and became a member of the Gurnee American Legion Post.

5.      During DANIEL ROY NERSTROM's service in Iraq, he was involved in eight IED's which destroyed a Bradley Tank; another where the front of his Humvee was hit by an IED, another where he was in a Bradley Tank when it came in contact with an IED. He was further involved in eight "firefights" and at minimum thirteen occasions where his

2

life was in imminent danger and several occasions where he lost consciousness, and at least one occasion where a building fell on him causing him injury. Due to or as a consequence of extensive combat and at least several occasions where he suffered loss of consciousness, he acquired post-traumatic stress disorder.

6. During DANIEL ROY NERSTROM's service in Iraq, he experienced the death of several close friends within his combat unit. In July 2005, the Bradley in front of him was hit be an IED and blown into pieces. The crew of four was killed and contained two very close friends. NERSTROM recovered one of the bodies and carried it back to his base. Another of NERSTROM's friends drowned when his tank rolled into a canal.

7. During his service, NERSTROM was awarded an Army Achievement Medal, an Army Commendation Medal, and the Combat Action Badge.

8. Following DANIEL ROY NERSTROM's return to the United States, he was diagnosed with Post Traumatic Stress Disorder (PTSD) resulting both from childhood trauma and experiences in Iraq, and the effects of a combat-related concussive injury. He turned to alcohol as a coping mechanism, but sought treatment for alcohol dependence.

9. NERSTROM also suffered from other medical conditions inclusive of severe migraine headaches and chronic back pain following two lumbar surgeries, chest pain and shortness of breath resulting from atrial tach arrhythmia.

10. On December 18, 2013 DR. LORI MOSS prescribed Quetiapine, an antipsychotic, with a note that it was not appropriate for long term use. Quetiapine is listed in the VA Guidelines for Management of PTSD as a drug with little or no known benefit for PTSD. NERSTROM was never weaned off Quetiapine.

11.     Beginning on or about June 25, 2014, after ending a patient-therapist relationship because it was "not a good fit", DANIEL ROY NERSTROM made a request to VA psychiatrist CHANDRAGUPTA VEDAK for a new therapist.  On June 25, 2014 DANIEL ROY NERSTROM reported ongoing nightmares and avoidance behavior. VEDAK made no referral for psychotherapy.  VEDAK also continued NERSTROM's prescription for Lorazepam, which is contraindicated for patients with PTSD and a history of alcohol abuse.

12.     On July 9, 2014 DANIEL ROY NERSTROM called VA internal medicine physician GARY SLADEK to report a twenty-pound weight loss and night sweats, and left a message with the nurse.  There is no indication that the nurse asked about NERSTROM's PTSD or other mental health symptoms or, otherwise began to treat his condition.

13.     On July 16, 2014 GARY SLADEK evaluated DANIEL ROY NERSTROM and noted weight loss and night sweats, which could be symptoms of worsening mental health.  There is no indication that SLADEK asked about NERSTROM's PTSD or other mental health symptoms, or otherwise provided any medical treatment.  There is no indication that SLADEK evaluated the need for the medications prescribed by outside physicians; including hydrocodone and Lorazepam.

14.     On July 24, 2014 DANIEL ROY NERSTROM was seen by VA cardiologist RAMESH who reported that the patient is living with the fear that a cardiac episode will kill him.  Such fear is often a symptom of severe clinical anxiety.

15.     On July 25, 2014 DANIEL ROY NERSTROM was evaluated by VA physical therapist LAUREN L CLARK who notated that NERSTROM had chronic lumbar pain, with

sharp radicular pain, tingling and numbness down the front, side and back of both legs.

16.     On July 27, 2014 DANIEL ROY NERSTROM was seen in the VA

Emergency Room by VA Nurse Practitioner CHRISTINA R. BACH for severe migraine

pain that had persisted for nine days with no relief.

17.     On July 29, 2014 DANIEL ROY NERSTROM was seen by VA psychiatrist

CHANDRAGUPTA VEDAK for medication management.  VEDAK noted that nightmares

were lessening.  VEDAK did not follow up on patient's request for psychotherapy and made

no consultation requests. VEDAK also continued NERSTROM's prescription for

lorazepam, which is contraindicated for patients with PTSD and a history of alcohol abuse.

18.     On August 15, 2014 DANIEL ROY NERSTROM was seen by Nurse

Practitioner KATHLEEN P ZICCARELLI for hip pain.  ZICCARELLI prescribed muscle

relaxants.  There is no indication that ZICCARELLI evaluated the need for medication

prescribed by outside physicians including hydrocodone and lorazepam.

19.     On August 21, 2014 DANIEL ROY NERSTROM was seen by VA internal

medicine physician GARY SLADEK for lower back pain.  SLADEK refilled

NERSTROM's Norco prescription.  Norco is an opiate.  There is no indication that SLADEK

asked about NERSTROM's PTSD symptoms.  There is no indication that SLADEK evaluated

the need for medication prescribed by outside physicians; including hydrocodone and

lorazepam.

20.     On September 14, 2014 NERSTROM was seen in the VA Emergency Room

reporting a five-day migraine with no relief.  VA Emergency Room Physician MICHAEL

BELLINO evaluated NERSTROM.  NERSTROM was given intravenous hydromorphone,

5

Zofran, Benadryl and then discharged.

21.    On October 3, 2014 NERSTROM was seen by VA neurologist SEMYON SHULMAN reporting an increase in frequency and severity of his migraine pain.

22.    On October 9, 2014 NERSTROM was seen by VA nurse practitioner KATHLEEN ZICARELLI who reported NERSTROM had a migraine over the weekend.

23.    On October 9, 2014 NERSTROM was seen by VA internal medicine physician GARY SLADEK who refilled NERSTROM's prescription for Norco. There is no indication that SLADEK asked about NERSTROM's PTSD symptoms. There is no indication that SLADEK evaluated the need for the medication prescribed by outside physicians including hydrocodone and lorazepam.

24.    On October 20, 2014 NERSTROM was seen by VA psychologist VEDAK reporting an increase in nightmares, possibly related to the "anniversary" of a combat event. NERSTROM reported that the PTSD symptoms made it difficult to work, take care of things at home, or to get along with other people. There was no follow up regarding psychotherapy, and VEDAK ordered no consultations. VEDAK also continued NERSTROM's prescription for lorazepam, which is contraindicated for patients with PTSD and a known history of alcohol abuse.

25.    On November 6, 2014 NERSTROM was seen by VA nurse practitioner KATHLEEN ZICCARELLI "requesting PTSD clinic for worsening of frequent nightmares/night terrors, they have been occurring nightly for the past month; family finds him acting out aggressively in his sleep, reports having night terrors, lasts minutes, notices sleep disturbances more during anniversaries; he has to sleep on the couch." ZICCARELLI referred NERSTROM

to the PTSD clinic.  There is no indication that ZICCARELLI evaluated the need for change in

medication prescribed by outside physicians including Hydrocodone and Lorazepam.

26.    On November 10, 2014 VA Provider PAUL SMILEY spoke to NERSTROM

on the phone and scheduled an appointment for a PTSD evaluation on December 8, 2014.

There is no indication that SMILEY evaluated NERSTROM over the phone relative to his

PTSD symptoms.

27.    On November 21, 2014 SMILEY cancelled the December 8, 2014

appointment, and rescheduled it to December 18, 2014.  SMILEY advised NERSTROM to

"double up" on his nightmare medication.

28.    On November 25, 2014, NERSTROM was seen in the VA emergency room with

a migraine for one week with no relief.  VA Emergency Room Physician ROBERT VOTTERO

prescribed Benadryl and Reglan. VOTTERO noted that "I explained to patient & his mother that

I do not prescribe narcotics for migraine headaches… due to chronicity of [symptoms] I

explained he may not experience complete relief of [symptoms]."

29.    NERSTROM returned to the VA Emergency Room the next day on November

26, 2014 complaining of a worsening migraine.  NERSTROM was seen by ER Nurse

Practitioner CHRISTINA BACH who prescribed intravenous Dilaudid.

30.    On December 1, 2014 NERSTROM was seen by VA Internal Medicine Physician

GARY SLADEK who refilled NERSTROM's prescription for Norco and prescribed muscle

relaxers.  There is no indication that SLADEK asked about NERSTROM's PTSD symptoms.

There is no indication that SLADEK evaluated the need for medication prescribed by outside

physicians including hydrocodone and lorazepam.

31.    No social workers or case managers contacted NERSTROM between May 3, 2014 and December 1, 2014.

32.    On December 1, 2014, DANIEL ROY NERSTROM's girlfriend Amanda Tiffany came home and found him missing, and was concerned that he was in danger. DANIEL ROY NERSTROM did not return any phone calls and did not return home.

33.    A missing persons search ensued under the direction of the Libertyville Police.

34.    On March 13, 2015 DANIEL ROY NERSTROM was found deceased along the Metra tracks east of downtown Libertyville, IL.

35.    The Lake County Coroner's office ruled the cause of death as a gunshot wound to the mouth, and a diagnosis of clinical history of post-traumatic stress disorder.

### COUNT I:  MEDICAL MALPRACTICE/WRONGFUL DEATH

1-40.   Plaintiff re-alleges and incorporates herein its allegations to paragraphs 1-40 as set forth above.

36.    As set forth above, KIM J. NERSTROM is the duly authorized Independent Administrator of the Estate of DANIEL ROY NERSTROM.

37.    The United States of America, by and through its agents and employees, had a duty to diagnose and treat the decedent in accordance with accepted standard of prevailing medical practice and opinion with a patient involving same or similar facts and circumstances as did DANIEL ROY NERSTROM from on or before June 25, 2014 to December 1, 2014.

38.    The United States of America, by and through its agents and employees physicians and nurses breached its duty in one or more of the following acts or omissions:

8

a.  Dr. Moss and Dr. Vedak deviated from accepted standards of care by prescribing an antipsychotic as the primary medication for PTSD when antipsychotics have no known benefit and are only to be used as adjunctive therapies, and in violation of the Department of Veterans Affairs Guidelines for the Management of PTSD;

b.  Dr. Vedak and the VA hospital deviated from accepted standards of care required of a similar situated physician and hospital, by failing to timely provide psychotherapy when the decedent made requests on June 25, 2014 and again on November 6, 2014, and it was known or should have been known that he could become a danger to himself;

c.  Dr. Moss, Dr. Vedak, Nurse Ziccarrelli, Dr. Sladek, and Dr. Smiley deviated from accepted standards of medical care by failing to identify and implement integrated treatments, both behavioral and medical, to address their patient's pain, trauma, and related impairments in psychosocial functioning;

d.  Failed to create a multi-disciplinary plan that would have addressed decedent's PTSD and co-occurring and aggravating medical conditions and their psychological effects.

e.  Failed to actively manage evident polypharmacy to prevent drug interactions that could exacerbate patient's medical conditions;

f.  All physicians and nurses failed to identify and respond to the decedent's report of symptoms suggesting acute decompensation; timely

g.  Failed to monitor and manage his course of medications, inclusive of the addictive medication prescribed by Non-VA sources inclusive of hydrocodone and lorazepam;

h.  Deviated from accepted standards of care by prescribing a benzodiazepine drug (lorazepam) which is contraindicated for a patient with a history of both PTSD and alcohol abuse.

43.  The pain, both physical and emotional, from unrelenting migraines and other medical conditions combined with and aggravating co-occurring severe PTSD became unbearable for decent thus caused decedent's death; and, therefore, decedent's death was a direct and proximate result of one or more of the foregoing acts or omissions on the part of

the Defendant THE UNITED STATES OF AMERICAN by and through its employees,

Plaintiff's decedent, DANIEL ROY NERSTROM was caused to die on or about March 13,

2015.

44.    This action is brought pursuant to the Illinois Wrongful Death Act 740 ILCS

180.

45.    Plaintiff's decedent left surviving next of kin, KIM J. NERSTROM, the

mother of the decedent, his father, and his sister.

46.    Because of DANIEL ROY NERSTROM's death, the aforesaid next of kin

have suffered pecuniary losses, including loss of the affection, society, and companionship

of DANIEL ROY NERSTROM.

WHEREFORE, the Plaintiff, KIM J. NERSTROM, as Independent Administrator of

the Estate of DANIEL ROY NERSTROM, Deceased, demands judgment against the

Defendant, THE UNITED STATES OF AMERICA, in an amount of money in excess of

$75,000.00 (SEVENTY-FIVE THOUSAND DOLLARS) plus costs of this suit.

### COUNT II:  MEDICAL MALPRACTICE/SURVIVAL

1-42.    Plaintiff re-alleges and incorporates herein its allegations to paragraphs 1-42

as set forth above.

43.    As a direct and proximate result of one or more or all of the foregoing acts

and/or omissions of the Defendant, Plaintiff's decedent, DANIEL ROY NERSTROM was

caused to and did sustain great conscious pain and suffering prior to his death.

44.    This count is brought pursuant to the Survival Act 755 ILCS 5/27-6.

WHEREFORE, the Plaintiff, KIM J. NERSTROM, as Independent Administrator

of the Estate of DANIEL ROY NERSTROM, Deceased, demands judgment against the

Defendant, THE UNITED STATES OF AMERICA, in an amount of money in excess of $75,000.00 (SEVENTY-FIVE THOUSAND DOLLARS) plus costs of this suit.

Dated June 22, 2017

Respectfully submitted,

*/s/ Jay Paul Deratany*
One of Plaintiff's Attorneys

THE DERATANY FIRM
221 N. LaSalle Street
Suite 2200
Chicago, IL 60601
(312) 857-7285
(312) 857-2004 FAX
Atty. No.: 6197097
jpderatany@lawinjury.com

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| KIM J NERSTROM, as Independent | ) |
| Administrator of the Estate of DANIEL | ) |
| R. NERSTROM, Deceased, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) |
| | ) |
| THE UNITED STATES OF AMERICA, | ) |
| And JAMES A. LOVELL FEDERAL | ) |
| HEALTH CARE CENTER, by and through | ) |
| its agents, | ) |
| | ) |
| Defendants. | ) |

**<u>AFFIDAVIT</u>**

NOW COMES the affiant, JAY PAUL DERATANY, being duly sworn under oath and deposes and states as follows:

1.    I am one of the attorneys for the Plaintiff in this cause.

2.    I have consulted and reviewed the facts of the case with a health professional who:

    (i)    is knowledgeable in the relevant issues involved in the particular action;

    (ii)    currently practices, and has practiced in the last 6 years, in the same area of health care or medicine that is at issue in the particular action; and

    (iii)    is qualified by experience and demonstrated competence in the subject in this case; and

    (iv)    is qualified by experience with the standard of care, methods, procedures and treatments relevant to the allegations at issue in the case.

3.    The reviewing health professional has determined in a written report (see the attached report) after a review of the medical records and other relevant material involved in the particular action that there is a reasonable and meritorious cause for the filing of such action against THE UNITED STATES OF AMERICA and JAMES A. LOVELL FEDERAL HEALTH CARE CENTER.

4.      The health professional has determined in the written report after a review of the medical records and other relevant material involved in the particular action that negligence has occurred in the course of medical treatment.

5.      I concluded on the basis of the reviewing health professional's review and consultation that there is a reasonable and meritorious cause for filing such action against THE UNITED STATES OF AMERICA and JAMES A. LOVELL FEDERAL HEALTH CARE CENTER

Under penalties of perjury pursuant to Section 5/1-109 of the Code of Civil Procedure, the undersigned certifies as aforesaid that the statements contained in this instrument are true and correct except as to such statements made on information and belief and as to such statements the undersigned certifies that she verily believes the same to be true.

/s/Jay Paul Deratany
Jay Paul Deratany

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| KIM J NERSTROM, as Independent Administrator of the Estate of DANIEL R. NERSTROM, Deceased, | ) ) ) ) |
| Plaintiff, | ) ) |
| -vs- | ) ) |
| THE UNITED STATES OF AMERICA, And JAMES A. LOVELL FEDERAL HEALTH CARE CENTER, by and through its agents, | ) ) ) ) ) |
| Defendants. | ) |

### PHYSICIAN'S REPORT

I am a physician licensed to practice Medicine and Board Certified in Psychiatry and Neurology. I have practiced or taught in my field within the past six years. I am familiar with the areas of Medicine involved in this matter, as well as relevant standards of care. In my practice, I have personally treated and supervised the treatment of cases of combat-related PTSD for twenty-five years.

I have reviewed Mr. Nerstrom's medical records from Great Lakes and Evans Army Community Hospital and Lovell Federal Health Care Center, and have determined that a meritorious cause of action exists for the estate of DANIEL ROY NERSTROM.

Based on my review, physicians and other staff at the Lovell Federal Health Care Center deviated from appropriate standards of care without adequate cause to do so in the manner specified below:

1. Drs. Moss and Vedak prescribed antipsychotic medication to treat PTSD when said medication is neither a first-line nor a second-line drug recommended to treat PTSD contrary to accepted practice and VA/DOD guidelines without good cause to do so;

2. Dr. Vedak and the Lovell Federal Health Care Center together failed to provide timely psychotherapy when requested by decedent on June 25, 2014 and again on November 6, 2014 after decedent specifically informed clinicians of his worsening PTSD symptoms which signaled a likelihood of emergent mental decompensation; and knew or should have known that untreated mental decompensation could lead to an increased risk of self-harm behavior.

3. The treatment team of Dr. Moss, Dr. Vedak, Nurse Ziccarrelli, Dr. Sladek, and Dr. Smiley failed to recognize and then treat the reciprocally aggravating impact of decedent's chronic pain and PTSD;

4. The treatment team of Dr. Moss, Dr. Vedak, Nurse Ziccarrelli, Dr. Sladek, and Dr. Smiley failed to create a multi-disciplinary treatment plan and designate a care coordinator; thus, failing in its duty of care coordination among all those involved in decedent's care;

5. The treatment team of Dr. Moss, Dr. Vedak, and Nurse Ziccarrelli failed to adequately monitor opiates and benzodiazepines prescribed by both VA and non-VA clinicians, thus created an undue risk to decedent of addiction and/or behavioral disinhibition;

6. The treatment team of Dr. Moss, Dr. Vedak, and Nurse Ziccarrelli failed to pursue non-drug behavioral strategies that could have lessened decedent's chronic pain and its likely impact on decedent's PTSD

7. All involved clinicians who prescribed benzodiazepines to treat decedent's PTSD did so contrary to clinical guidelines without good cause to do so, and which were specifically not recommended for decedent because of his history of alcoholism.

Therefore, it is my opinion that the breaches of due care described above constitute a cause or a contributing cause in the death of DANIEL ROY NERSTROM.

STATE OF ILLINOIS

IN THE CIRCUIT COURT OF THE 19TH JUDICIAL CIRCUIT

LAKE COUNTY

ESTATE OF DANIEL R NERSTROM                    CASE NO. 16P 898

LETTERS OF OFFICE
DECEDENT'S ESTATE

ON NOVEMBER 3, 2016 AUTHORIZATION WAS GIVEN TO

    KIM J NERSTROM, APPOINTED INDEPENDENT ADMINISTRATOR

OF THE ESTATE OF DANIEL R NERSTROM

DECEASED, WHO DIED MARCH 13, 2015

TO TAKE POSSESSION OF AND COLLECT THE ESTATE OF THE DECEDENT, AND DO ALL ACTS

REQUIRED BY LAW.

_Keith Brin_

KEITH BRIN
CLERK OF THE CIRCUIT COURT

I HEREBY CERTIFY THAT THIS IS A TRUE AND CORRECT COPY OF THE LETTERS OF
OFFICE NOW IN FORCE IN THIS ESTATE.

_Keith Brin_

KEITH BRIN
CLERK OF THE CIRCUIT COURT

BY DEPUTY CLERK: TAMARA L

DATED: NOVEMBER 3, 2016

EXHIBIT

A